## BIRD'S ADMINISTRATOR vs. INSLEE'S EXECUTORS.

1. Bill to revive a suit in equity, founded on a judgment obtained more than twenty years before the bill was exhibited: the judgment will be presumed to be paid and the bill of revivor dismissed.

2. When the facts stated in the bill show that the claim upon which it is founded is barred by the statute of limitations, or by the equitable presumption of payment in analogy to such statutes, advantage of the statute may be taken by demurrer.

On demurrer to bill of revivor.

*Mr. G. C. Ludlow,* for demurrer.

*Mr. John Whitehead,* contra.

THE CHANCELLOR.

The complainant, by his bill of revivor, seeks to revive a suit brought by David Bird, his intestate, against Simeon B. Drake and George Inslee. Bird had obtained a judgment in Middlesex county Circuit Court against Drake, on the 10th day of July, 1846, and by virtue of an execution issued on it had a levy made upon a farm in the county as the property of Drake. Drake had, about a month before this judgment, conveyed this farm to George Inslee. In October, 1847, Bird filed his bill in this court to set aside this deed as against his judgment, on the ground of fraud.

The object of the present bill is to revive that suit against the heirs, devisees, and executors of Inslee, who has died.

In support of the demurrer it is insisted that the judgment on which the original bill is founded must be presumed to be paid, and therefore no action can be maintained founded upon that judgment, or in which the equity of the complainant depends upon it. By the statute of limitations no *scire facias* can be issued, or action brought upon a judgment after twenty years.

And it has been held by the Supreme Court that a judgment should be presumed to be paid after twenty years, although an execution had been issued upon it and a levy made on lands, and proceeding on the execution been restrained by an injunction out of this court. *Buchanan* v. *Rowland, 2 South.* 271. In *Gulick* v. *Loder,* 1 *Green* 68, the Supreme Court again, in an opinion delivered by Chief Justice Ewing, approve of and affirm this doctrine, and apply it in a suit upon a judgment obtained in Pennsylvania, to which the statute of limitations of this state does not apply.

In this case, from the facts stated in the bill of revivor, the presumption of payment arises, and therefore the question is properly raised by demurrer. It is the settled doctrine of equity that the statute of limitations can be taken advantage of by demurrer, when upon the facts as stated in the bill the claim is barred by that statute. *Story's Eq. Pl.,* § 751.

The demurrer is well taken and must be sustained, and the bill dismissed.